IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIBERIUS MAYS, # N-92625,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-181-MJR-SCW |
| | ) |
| **VENERIO BENERRO SANTOS,** | ) |
| **ROBERT MUELLER,** | ) |
| **STEPHANIE WAGGONER,** | ) |
| **LISA KREB/KREBS,** | ) |
| **KEVIN KINK,** | ) |
| **and R. WEGMAN,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for consideration of Plaintiff's motion for "Relief from Judgments Denying Motion for Reconsideration and Order from Initial Screening," filed on June 29, 2018. (Doc. 38). The motion invokes Federal Rule of Civil Procedure 60(b)(6), and challenges, for the second time, the Court's threshold screening order of March 21, 2018 (Doc. 9). That order severed some of Plaintiff's claims into two separate actions, and dismissed two counts.[1] Plaintiff previously brought a motion seeking to rejoin the severed cases with this original action (Doc. 13), which was denied on April 18, 2018. (Doc. 16). The instant motion shall also be denied.

Rule 60(b) permits a court to relieve a party from an order or judgment based on the following grounds:

---

[1] The severed cases are: *Mays v. Singler, et al.*, Case No. 18-cv-596-SMY-RJD (containing Counts 4 & 5), and *Mays v. Shah, et al.*, Case No. 18-cv-597-DRH-RJD (containing Counts 8-10). Counts 1, 6, and 7 remain in the instant case. Counts 2 and 3 were dismissed. (Doc. 9).

1

1) mistake, inadvertence, surprise or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Notably, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

While Rule 60(b) provides grounds for ordering relief from a final judgment, this Court has employed the framework of Rule 60(b) to evaluate *pro se* motions seeking reconsideration of a non-final order, such as the threshold order Plaintiff challenges here. *See, e.g., Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) (post-judgment motions should be analyzed based on the substance of the motion); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (a motion challenging the merits of a court order must fall under Rule 59(e) or Rule 60(b)) (internal citations omitted). The Seventh Circuit instructs district courts to look at the substance of a motion to reconsider, not at the label attached by a prisoner. *Terry v. Spencer*, 888 F.3d 890, 893-94 (7th Cir. 2018). The district court has the ability to reconsider non-final orders, both as

an exercise of its own discretion, *id.*, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[2]

In Plaintiff's case, he references the "catchall" provision of Rule 60(b)(6) as grounds for the instant motion. Indeed, no other section of Rule 60(b) is applicable to the orders he challenges. But despite the broad language of Rule 60(b)(6) – "any other reason that justifies relief" – a reprieve from a final judgment under this section "is an extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Whether the circumstances in a given case are "extraordinary" is within the sound discretion of the court. *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997).

Plaintiff's new motion primarily rehashes the same points he presented in his "Motion to Rejoin Severance" (Doc. 13), which was denied by the undersigned Judge on April 18, 2018. (Doc. 16). It does not set forth any exceptional circumstances or issues that the Court has not already considered, and nothing in the motion convinces the Court that the severance of claims outlined in Doc. 9 was erroneous. The Court has already explained the reasons why severance was appropriate, and shall not reiterate those matters here. (*See* Doc. 9, pp. 11-12; Doc. 16, pp. 2-4).

Plaintiff also takes issue with the denial of his motions to amend the Complaint in this action, and argues that he should be able to join Wexford Health Services, Inc., ("Wexford") as a Defendant. (Doc. 18, p. 2). This matter cannot be addressed in the context of the instant motion seeking reconsideration of the threshold order, however. Plaintiff never included Wexford as a Defendant in the original Complaint, so the threshold order (Doc. 9) did not address whether

---

[2] Rule 54(b), in pertinent part, states that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment[.]"

Plaintiff stated any claim against Wexford or whether Wexford's inclusion might have affected the severance decision.  Thus, any issue regarding a non-party such as Wexford is outside the scope of a motion seeking relief from the initial screening order or the order denying reconsideration.  Plaintiff's attempts to amend his Complaint were rejected because the first proposed amended complaint failed to comply with local rules (Doc. 18), and the second proposed amended pleading improperly included matters that had been severed into a separate action. (Doc. 25).

To summarize, the motion does not present any grounds within the scope of Rule 60(b) to justify relief from the initial screening and severance order (Doc. 9), or the order denying Plaintiff's motion to rejoin the severed claims (Doc. 16).  Furthermore, upon reconsideration in light of the Court's authority to revisit its non-final orders pursuant to Rule 54(b), the Court confirms that the severance of Counts 4-5 and Counts 8-10 into separate actions as outlined in the order at Doc. 9 was proper.

**IT IS THEREFORE ORDERED** that the Motion for Relief from Judgments Denying Motion for Reconsideration and Order from Initial Screening (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 12, 2018**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court